UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW LEE TORSTENSON,

        Plaintiff,

v.                                                         Case No. 07-C-1011

LISA M. KENYON, PENNY VOGT, and
DOUGLAS GESKE,

        Defendants.

## ORDER

Plaintiff, Andrew L. Torstenson, a state prisoner at all times relevant, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that his parole revocation hearing violated his due process rights under the Fourteenth Amendment and the terms of the double jeopardy clause of the Fifth Amendment as well as various state criminal statutes. On December 28, 2007, this court issued an order granting the plaintiff's request to proceed *in forma pauperis* and dismissing the action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. *Torstenson v. Kenyon*, 07-C-1011 (E.D. Wis. Dec. 28, 2007). In so ruling, the court concluded that the complaint established that plaintiff had received all the due process protections to which he was entitled, the revocation of his parole did not run afoul of the double jeopardy clause and that, as a private citizen, he was not entitled to initiate state criminal prosecutions in federal court. *Id.* In that same order, the court certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless the plaintiff offered bona fide arguments

supporting his appeal. On December 28, 2007, judgment was entered dismissing this action.

The plaintiff has now appealed, and on January 30, 2008, he erroneously filed a motion to proceed *in forma pauperis* on appeal in the Court of Appeals for the Seventh Circuit. By order of January 30, 2008, the court of appeals ordered that the motion be transferred to this court for a ruling.

Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California,* 386 U.S. 738 (1967)); *see also, Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in an frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition. *Howard*, 707 F.2d at 220.

As noted previously, when this court issued its December 28, 2007 order dismissing the action for failure to state a claim upon which relief may be granted, it certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offered bona fide arguments supporting his appeal. The plaintiff has submitted a notice of appeal which essentially summarizes the allegations in his complaint and then states that this court "overlooked the issue at hand" but does not delineate the nature of that issue.[1] Plaintiff's Notice of Appeal at 8-9. Further, the section in his "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" which asks the plaintiff to identify his issues on appeal was left blank.

Thus, the court finds that plaintiff has not identified any issues on appeal or offered any bona fide arguments supporting his appeal. This being the case, his petition to proceed *in forma pauperis* on appeal will be denied. *See e.g., Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("In the ordinary case if the suit is frivolous the appeal from the dismissal of the suit will also be frivolous. In such cases it is improper for the district judge to grant leave to proceed in forma pauperis on appeal").

---

[1] In his notice of appeal, the plaintiff also makes a passing reference to the fact that his two motions for the appointment of counsel were denied, as moot, by the court after the court determined that his action would be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). To the extent that plaintiff is seeking to appeal that determination, the court does not believe such an appeal is taken in good faith since any argument that he was entitled to appointed counsel after his case was dismissed would be frivolous.

3

The plaintiff-appellant is hereby notified that he "may file a motion to proceed on appeal in forma pauperis in the court of appeal within 30 days after service of" the instant order. Fed. R. App. P. 24(a)(5).

The plaintiff also filed a motion to amend his complaint and enlarge the record on appeal. This court retains jurisdiction over a motion to enlarge the appeal record because it is ancillary to the issues on appeal. *See, e.g., Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990) ("District judges retain authority over questions not presented by the appeal and may take steps that do not present risks of duplicative action."). The plaintiff seeks to include "additional information" that appears to be arguments in support of the allegations in his complaint. The appellate stage is not the place to introduce new claims or new evidentiary materials. *See, e.g., Berwick Grain Co. v. Ill. Dep't of Agric.*, 116 F.3d 231, 234 (7th Cir. 1997) citing *Liao v. Tennessee Valley Authority*, 867 F.2d 1366, 1370 (11th Cir.1989) ([Federal Rule of Appellate Procedure] 10(e) "contemplates correction of a record to reflect what occurred below; it does not permit a new or different record to be created."). In light of the foregoing, the court will deny the plaintiff's motion to amend his complaint and enlarge the record on appeal.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to amend his complaint and enlarge the record on appeal (Docket #15) be and the same is hereby **DENIED**;

4

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Docket #17) be and the same is hereby **DENIED** because this court certifies that the appeal is not taken in good faith.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857 and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge